IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BRANCH BANKING AND TRUST            *
COMPANY,
                                    *
       Plaintiff,
                                    *
vs.                                        CASE NO. 4:14-CV-300 (CDL)
                                    *
ANGELS OF COLUMBUS, LLC, *et al.*
                                    *
       Defendants.
                                    *
_____
                                    *

O R D E R

This action arises from Defendants' failure to pay
Plaintiff what they agreed to pay pursuant to a promissory note.
Plaintiff Branch Banking & Trust Company ("BB&T") now seeks
summary judgment against one of the Defendants, Angels of
Columbus, LLC ("Angels").  Angels did not respond to BB&T's
motion for summary judgment.  Having reviewed the relevant
record and for the reasons explained in the remainder of this
Order, the Court finds that it is undisputed that Angels is
liable to BB&T in the total amount of $597,123.68.  Accordingly,
BB&T's motion for summary judgment is granted (ECF No. 22).  The
Court further finds that no just reason exists for the delay of
entry of judgment against Angels and directs the Clerk to enter
judgment in favor of BB&T and against Angels in the amount of
$597,123.68.

STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

FACTUAL BACKGROUND

## I.   **Local Rule 56**

Angels did not respond to BB&T's summary judgment motion or the statement of undisputed material facts that BB&T submitted in support of its motion.  This Court's local rules provide that "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."  M.D. Ga. Civ. R. 56.  The Court has confirmed that BB&T's evidentiary materials support its statement of undisputed material facts and

2

therefore deems those facts admitted. *See Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (noting that the district court must "review the movant's citations to the record" to confirm that no genuine fact dispute exists). These admitted facts establish the following.

## II.  Undisputed Facts

On October 4, 2007, Hashem and Meryem Sayedzada executed and delivered a Promissory Note ("Note") on behalf of Angels to Colonial Bank. The Note provides for a principal amount of $568,450.00 to be paid back in one hundred nineteen consecutive monthly payments beginning November 4, 2007 and ending October 4, 2017. Pl.'s Mot. for Summ. J. Ex. 1A, Note 1, ECF No. 22-1 at 6. Failure to pay any monthly payment is considered a default. *Id*. at 5. Upon Angels's default, Colonial Bank or its assignee has the right to demand "[t]he unpaid principal" and "[a]ll accrued but unpaid late charges and interest." *Id*. at 8. Per diem interest is calculated by multiplying the 7.9% per annum rate by the outstanding debt and dividing the amount by 360 days. *Id*. at 1, 3.

The Note also provides for the recovery of attorneys' fees incurred in the collection of the defaulted note:

> BORROWER agrees to pay LENDER'S attorneys' fees in the amount of fifteen percent (15%) of the indebtedness and other obligations secured hereby, if collected by and through an attorney-at-law or in bankruptcy or other judicial proceedings.

*Id.* at 2.  Additionally:

> All parties liable for the payment of this Note agree
> to pay the LENDER reasonable attorneys' fees for the
> services and expenses of counsel employed after
> maturity or Default to collect this Note (including
> any bankruptcy proceedings and/or any appeals relating
> to such bankruptcy and/or judicial enforcement
> proceedings), or to protect or enforce the security
> hereto, whether or not suit be brought.

*Id.* at 9.

In 2009, BB&T acquired Colonial Bank's assets and security instruments from the Federal Deposit Insurance Corporation ("FDIC") pursuant to an Assignment of Security Instruments and Other Loan Documents.  Pl.'s Mot. for Summ. J. Ex. 1B, Assignment of Security Instruments and Other Loan Documents 1, ECF No. 22-1 at 7.  Angels's Note to Colonial Bank was assigned to BB&T.  On July 4, 2014, Angels defaulted on the Note by failing to make a required monthly payment.  BB&T subsequently demanded that Angels pay the full indebtedness under the Note. Angels has failed to pay.

To establish the amount due under the Note, BB&T has submitted the affidavit of David S. Pratt, its senior vice-president and records custodian.  According to Pratt, Angels owed BB&T $515,608.50 as of December 16, 2015.  Pratt calculated this amount as follows:  principal balance of $467,517.95; accrued unpaid interest totaling $43,740.55 as of December 16, 2015; late fees totaling $700.00; and appraisal fees totaling

$3,650.00.  Pratt calculates the per diem interest to be $102.59 per day accruing daily after December 16, 2015.  BB&T also calculates that it is entitled to recover attorneys' fees and costs under the terms of the Note in the amount of $70,127.69.

## DISCUSSION

Although Angels did not respond to BB&T's motion for summary judgment, the Court cannot issue summary judgment by default.  The Court must still determine whether BB&T is entitled to judgment as a matter of law.  *Reese*, 527 F.3d at 1269.  Since subject matter jurisdiction is based on diversity, the Court applies the forum state's choice-of-law rules to determine which law governs the merits of the action.  *Bituminous Cas. Corp. v. Advanced Adhesive Tech., Inc.*, 73 F.3d 335, 337 (11th Cir. 1996).  Under Georgia's choice-of-law rules, "[contracts] are to be governed as to their nature, validity and interpretation by the law of the place where they were made . . . ."  *Gen. Tel. Co. of Se. v. Trimm*, 252 Ga. 95, 95, 311 S.E.2d 460, 461 (1984) (first alteration in original) (quoting *Tillman v. Gibson*, 44 Ga. App. 440, 442-43, 161 S.E.2d 630, 632 (1931)).  Here, there is no indication that the Note was made in a state other than Georgia.  Accordingly, the Court applies Georgia law.  *See OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah*, 477 F. App'x 665, 669 (11th Cir. 2012) (per curiam) (applying Georgia law to an insurance contract case

where there was no indication that the policies were delivered in a state other than Georgia and the parties seemed to agree that Georgia law applied).

## I.  Prima Facie Case for Breach of Promissory Note

"Where . . . the record shows that the promissory note[] . . . w[as] duly executed by the debtor[] and that [it is] in default, a prima facie right to judgment as a matter of law is established." *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." *Fielbon Dev. Co. v. Colony Bank of Houston Cty.*, 290 Ga. App. 847, 850, 660 S.E.2d 801, 805 (2008) (quoting *Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006)).

Here, BB&T has established a prima facie case by producing the Note executed by Hashem Sayedzada and Meryem Sayedzada on behalf of Angels.  It is undisputed that Hashem and Meryem Sayedzada had authority to execute the Note on Angels's behalf and that BB&T is the holder of the Note pursuant to the Assignment of Security Instruments.  The undisputed record also establishes that Angels is in default for failing to make a monthly payment due on the Note on July 4, 2014.  Furthermore, no evidence exists in the record to rebut this prima facie case

or establish a defense to BB&T's prima facie case.  Thus, Angels is liable to BB&T on the Note as a matter of law.  The next question is whether the present record establishes the amount of that liability as a matter of law.  The Court finds that it does.

## II.  Damages

The uncontroverted affidavit of BB&T's senior vice-president and records custodian establishes the amount of BB&T's damages as a matter of law.  *See First Citizens Bank & Tr. Co., Inc. v. River Walk Farm L.P.*, 620 F. App'x 811, 814-15 (11th Cir. 2015) (per curiam) (affirming summary judgment for the bank based on the affidavit of the bank's vice-president and records custodian because this evidence established a prima facie case and defendant did not rebut the evidence).  Pratt's affidavit establishes that Angels owes a principal balance of $467,517.95, plus per diem interest of $102.59, $700.00 in late fees, and $3,650.00 in appraisal fees.  As of December 16, 2015, Angels owed BB&T a total of $515,608.50 in principal, interest, late fees, and appraisal fees.  Accordingly, BB&T is entitled to recover from Angels $515,608.50, plus per diem interest of $102.59 accruing from December 17, 2015 until the date of today's Order: $11,387.49.

The undisputed record also establishes that BB&T is entitled to recover its attorneys' fees and costs.  In Georgia,

"[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as a part of such debt" subject to the following conditions:

> (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness; . . .
>
> (3) The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.

O.C.G.A. § 13-1-11 (a)(1) & (3).  Additionally, "[a] plaintiff who is entitled to summary judgment on a document establishing 'evidence of indebtedness,' within the meaning of O.C.G.A. § 13-1-11(a) is also entitled to a judgment for attorney fees thereon." *Frame v. Booth, Wade & Campbell*, 238 Ga. App. 428, 431, 519 S.E.2d 237, 241 (1999) (quoting *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681, 681, 423 S.E.2d 419, 420 (1992)).

Here, the Note provides for attorneys' fees equal to fifteen percent of the principal indebtedness.  This provision is enforceable under Georgia law.  O.C.G.A. § 13-1-11(a)(1).

Case 4:14-cv-00300-CDL   Document 24   Filed 04/05/16   Page 9 of 10


And BB&T complied with Georgia's written notice requirement; on December 22, 2015—more than ten days before filing for summary judgment—BB&T provided Angels with written notice that it would seek attorneys' fees in addition to the principal and interest. Pl.'s Mot. for Summ. J. Ex. 3, Letter from Brett Switzer to Hashem Sayedzada (Dec. 22, 2015), ECF No. 22-3.  As required by the statute, the notice informed Angels that BB&T would not enforce the obligation to pay attorneys' fees if Angels paid the outstanding principal and interest within ten days.  *Id.*  Angels failed to pay within ten days.   Thus, BB&T is entitled to attorneys' fees equaling 15% of the principal indebtedness on the Note.[1]   The principal indebtedness due on the Note is $467,517.95 and therefore, BB&T is entitled to $70,127.69 in attorney fees.   Accordingly, BB&T is entitled to summary judgment in the total amount of $597,123.68 as of April 5, 2016.

CONCLUSION

Angels defaulted on its Note with BB&T as a matter of law. The amount that Angels owes BB&T under the terms of that Note, $597,123.68, is undisputed.   Accordingly, BB&T's motion for summary judgment is granted (ECF No. 22).   Finding no just reason to delay entry of judgment as to BB&T's claim against

---

[1]  The Georgia statute allows for attorneys' fees equaling fifteen percent of the *principal and interest* due on a note.  But BB&T claims only fifteen percent of the *principal* due on the Note as attorneys' fees in its motion for summary judgment. Pl.'s Mot. for Summ. J. 6, ECF No. 22.  Accordingly, the Court awards attorneys' fees equaling fifteen percent of the principal due on the Note.

Angels, the Clerk is directed to enter judgment in favor of BB&T against Angels in the amount of $597,123.68.  This case remains pending against Defendants Hashem and Meryem Sayedzada, but it is stayed until the resolution of their bankruptcy proceedings.

IT IS SO ORDERED, this 5 day of April, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA